UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAUREN NICOLE HINSON,
Individually and as assignee of
Alisha Danielle King,

Plaintiff,

v. CASE NO.: 8:23-cv-01766-TPB-SPF

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

Defendant.
_________________________/

**PLAINTIFF'S MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES**

Plaintiff, LAUREN NICOLE HINSON, through undersigned counsel and pursuant to Fed. R. Civ. P. 54, Local Rule 7.01, and the Judgment entered on November 25, 2025 (Doc. 145), moves for an Order determining her entitlement to recover attorney's fees under Fla. Stat. §627.428. In support, Plaintiff would state:

**BACKGROUND**

1. This is a common law bad faith action filed by Lauren Hinson, individually and as assignee of Alisha Danielle King, against Progressive American Insurance Company ("Progressive").

2. The dispute arises out of an accident that occurred on September 2, 2017 and Progressive's handling of Lauren Hinson's bodily injury claim under an

insurance policy issued to its insured, Alisha King, on July 1, 2017 (the "Policy"). (Doc. 24 at p. 10-16)

3. Ms. Hinson filed a lawsuit and ultimately obtained an excess judgment in the amount of $736,651.64 against Progressive's insured, Alisha King, on February 10, 2023. (Doc. 24 at 18-19)

4. Thereafter, on March 24, 2023, Ms. Hinson commenced this bad faith action in state court, and Progressive timely removed the action to federal court on August 7, 2023.

5. On October 10, 2023, Ms. Hinson obtained a valid assignment of Alisha King's rights, claims, and causes of action against Progressive. (Doc. 24 at 21)

6. On December 22, 2023, an Amended Complaint was filed on behalf of Ms. Hinson individually and as the assignee of Alisha King. (Doc. 24) The Amended Complaint incorporated the assignment (Doc. 24 at 2-3, 21) and specifically asserted entitlement to attorney's fees under section 627.428, Fla. Stat. (Doc. 24 at 6)

7. After extensive discovery and motion practice, the case proceeded to trial on November 12, 2025.

8. On November 19, 2025, the jury returned a verdict in Hinson's favor, finding that Progressive acted in bad faith in its handling of her bodily injury claim. (Doc. 139)

9. On November 25, 2025, a Judgment in the amount of $889,857.05 was entered in Hinson's favor and against Progressive. (Doc. 145)

10. As a result of the Judgment, Plaintiff now seeks to recover attorney's fees pursuant to Fla. Stat. §627.428.

## MEMORANDUM OF LAW

### I. Procedure Governing Post-Judgment Motions for Attorney's Fees

In the Middle District, the procedure for seeking post-judgment attorney's fees and costs is governed by Local Rule 7.01, which provides for a bifurcated procedure. *See* Local Rule 7.01(a). Within fourteen days after entry of judgment, the party claiming fees and expenses must first file a motion requesting a determination of entitlement. *See* Local Rule 7.01(b). Within forty-five days after the order determining entitlement, the party claiming fees must file a supplemental motion to determine the amount of fees and costs owed. *See* Local Rule 7.01(c).

In this Motion, Plaintiff requests a determination of entitlement pursuant to Fla. Stat. §627.428.

### II. Lauren Hinson, as Assignee of Alisha King, is Entitled to Attorney's Fees Pursuant to Florida Statute §627.428.

This common law bad faith action arises out of Progressive's handling of a bodily injury claim asserted against its insured, Alisha King, under an auto insurance policy issued on July 1, 2017. At that time, Florida Statute §627.428 provided in relevant part:

> **627.428 Attorney fees.—**
> (1) … [U]pon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Under Florida law, it is well established that the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract. *Hassen v. State Farm Mut. Auto. Ins. Co.*, 674 So.2d 106 (1996) (holding that "it is generally accepted that the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract"); *Menendez v. Progressive Express Insurance*, 35 So. 3d 873, 876 (Fla. 2010) ("In our analysis, we look at the date the insurance policy was issued and not the date that the suit was filed or the accident occurred, because 'the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract.'"); *see also State Farm Fire & Cas. Co. v. Palma*, 629 So.2d 830 (Fla. 1993) (holding that "the terms of section 627.428 are an implicit part of every insurance policy issued in Florida").

Although the Florida legislature repealed section 627.428, effective March 24, 2023, courts have consistently held that the repeal does not apply retroactively and affects only prospective policies. *See Blumberg v. Security First Ins. Co.*, 420 So.3d 1070, 1076 (Fla. 5th DCA 2025) (holding that the insurance policy

incorporated a statutory right to attorney's fees under *Menendez* and the amendment eliminating that right could not be retroactively applied to the policyholder's claim); *Procraft Exteriors, Inc. v. Metro, Cas. Ins. Co.*, No. 2:19-CV-883, 2020 WL 5943845, at *3 (M.D. Fla. May 13, 2020) ("Florida courts have consistently held that statutes limiting the right to recover attorney fees impair a substantive right and do not apply retroactively.").

Applying this well-established law to the facts of this case, the insurance policy that Progressive issued to Alisha King on July 1, 2017 incorporated a statutory right to attorney's fees under §627.428, which Ms. King later assigned to Lauren Hinson pursuant to a valid assignment. (Doc. 24 at 2-3, 21) To the extent that Ms. Hinson—standing in the insured's shoes—has obtained a judgment against Progressive in this bad faith action, she is entitled to recover attorney's fees under §627.428. Indeed, the purpose of §627.428 "is to penalize an insurer's intransigence when it forces a claim to be litigated." *Liberty Mutual Ins. Co. v. Davis*, 412 F.2d 475, 485 (5th Cir. 1969). "Bad faith, if found, is the equivalent of such intransigence, and the penalty should be enforceable, by assignees no less than the insured." *Id.* (explaining that the entire cause of action was assigned, including the insured's right to attorney's fees); *see also Allstate Ins. Co. v. Regar*, 942 So.2d 969, 971-74 (Fla. 2d DCA 2006) (holding that assignee was entitled to recover attorney's fees pursuant to §627.428 in a third party bad faith action).

## III. <u>Fair Estimate of the Amount Sought.</u>

Local Rule 7.01 (b)(2) also requires that a motion seeking to determine a party's entitlement to fees and expenses must state a fair estimate of the amount sought.

Plaintiff has not yet engaged an expert to provide an opinion regarding the reasonable amount of the claim for attorney's fees, including whether a multiplier is appropriate. However, based on the total number of hours expended through trial and the standard hourly rates charged by the involved attorneys, the undersigned would currently estimate that the amount sought for attorney's fees is **<u>$528,320.00</u>**.

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff, Lauren Hinson, respectfully requests an Order determining that she is entitled to recover attorney's fees pursuant to Florida Statute §627.428.

**<u>Local Rule 3.01(g) Certification:</u>** The undersigned has conferred with counsel for Progressive, Jenna Worden, Esq., via emails dated December 8, 2025 and December 9, 2025, and is authorized to represent that Progressive objects to the relief requested herein.

Respectfully submitted,

**VAKA LAW GROUP**

<u>*/s/ Robert C. Hubbard*</u>
**George A. Vaka, Esquire**
Florida Bar No. : 374016

**Robert C. Hubbard, Esquire**
Florida Bar No.: 98996
gvaka@vakalaw.com
rhubbard@vakalaw.com
rtiernan@vakalaw.com
777 S. Harbour Island Blvd.,
Suite 300
Tampa, Florida 33602
Tel: (813) 549-1799
Fax: (813) 549-1790

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 9, 2025, the foregoing document was electronically served via e-mail to all designated parties.

*/s/ Robert C. Hubbard*
**Robert C. Hubbard, Esq.**